IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KENNETH DEWAYNE PINKSTON, #K7252

PETITIONER

VERSUS                                          CIVIL ACTION NO. 3:13-cv-330-DPJ-
FKB

UNITED STATES                                                      RESPONDENT

ORDER OF DISMISSAL

 This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Pinkston is a state inmate currently incarcerated in the Winston-Choctaw County Regional

Correctional Facility, Louisville, Mississippi.  He filed this *pro se* petition for habeas corpus

relief pursuant to 28 U.S.C. § 2241.  After reviewing the Petition [1] and Responses [7, 9], in

conjunction with the relevant legal authority, the Court has come to the following conclusions.

I.  Background

 Pinkston is serving a ten-year state prison term for a possession of methamphetamine

conviction rendered by the Scott County Circuit Court.  Before receiving this state sentence,

Pinkston had been sentenced in federal district court to 78 months in prison and three years of

supervised release for being a felon in possession of a weapon, a violation of 18 U.S.C. § 922(g).

*See United States v. Pinkston*, No. 3:12-cr-8 (S.D. Miss. 2012).  Pinkston maintains that the state

court's sentencing order directs that his state sentence run concurrent with his federal sentence.

Petitioner is requesting to either be immediately placed in federal custody to serve his federal

term of imprisonment or receive a nunc pro tunc designation of a state facility as the place in

which he would serve his federal sentence.[1]

## II.   Analysis

An inmate may challenge the execution of his federal sentence in a § 2241 petition in the district of his confinement.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.").  Pinkston's claims challenge the execution of his federal sentence, thus his claims are properly pursued in a § 2241 petition in this Court.  *See United States v. Miller*, 594 F.3d 1240, 1241 (10th Cir. 2010) (state inmate's request for nunc pro tunc designation in regards to future federal sentence is properly pursued under 28 U.S.C. § 2241); *Castro Flores v. Dretke*, 120 F. App'x 537, 538–39 (5th Cir. 2005) (claims by inmate in state custody that BOP was failing to credit his federal sentence properly pursued under 28 U.S.C. § 2241).

Although sentence-execution claims are proper in a § 2241 petition, an inmate does not have a constitutional right to incarceration in any particular prison system.  *Simpson v. Cockrell*, No. 01-10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001) (citations omitted).  Instead, the facility at which he serves concurrent sentences is "a matter for the two sovereigns involved to decide."  *Id.*  Likewise, "[n]o binding legal authority requires the federal BOP . . . to comply with a state court's sentencing order that his federal sentence run concurrently with his state sentences."  *Castro Flores*, 120 F. App'x at 539 (citing *Leal v. Tombone*, 341 F.3d 427, 429–30

---

[1]As explained by the Fifth Circuit, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in the state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence."  *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citations omitted).

(5th Cir. 2003) (affirming dismissal of habeas petition where petitioner sought order directing BOP to recognize state-court order for concurrent sentence)). Finally, there is "no authority requir[ing] federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence." *Id.* So to the extent Petitioner is requesting an Order directing the BOP to follow his state-sentencing order or directing his immediate placement in a federal prison, his request is denied.

That said, the BOP has the statutory authority to cause a federal sentence to run concurrently with a state sentence by designating nunc pro tunc an inmate's state prison as the place of federal confinement. *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). The BOP's procedures for an inmate to request a nunc pro tunc designation are found in Program Statement 5160.05, entitled *Designation of State Institution for Service of Federal Sentence*.[2] According to the Program Statement, an inmate may submit his request for a nunc pro tunc designation to the BOP and the "request will be considered regardless of whether the inmate is physically located in either a federal or state institution." Dept. of Justice, BOP Program Statement 5160.05, p. 5. (2003), http://www.bop.gov/policy/progstat/5160_005.pdf. Therefore, Petitioner should have initially directed his request for a nunc pro tunc designation to the BOP, not to the district court. *Barden*, 921 F.2d at 478 (holding that BOP must first review claim); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992) (finding the Attorney General, not the district court, has the responsibility for administering a prisoner's sentence).

---

[2]An inmate is not required to submit his request on a particular form, but the request must be in writing, contain the inmate's federal register number, and be sent to the Federal Bureau of Prisons, Designation and Sentence Computation Center, U.S. Armed Forces Reserve Complex, 346 Marine Forces Drive, Grand Prairie, Texas 75051.

Furthermore, Petitioner is required to exhaust his administrative remedies with the BOP prior to seeking habeas relief under 28 U.S.C. § 2241. *U.S. v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010); *Brown v. Ashcroft*, 41 F. App'x 873, 874–75 (7th Cir. 2002) (holding district courts are limited to reviewing BOP decisions about execution of sentences and without exhaustion, there is no BOP decision to review, therefore dismissal for failure to exhaust is proper); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[W]e review a claim concerning the computation of a sentence only after administrative remedies have been exhausted."). A § 2241 habeas petition requesting a nunc pro tunc designation "is not ripe until the BOP makes a final decision on the prisoner's nunc pro tunc request." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding district court did not have jurisdiction to rule on the merits of petitioner's unripe habeas petition).

Petitioner clearly indicates that he has not presented his claims to the Federal Bureau of Prisons. The Court finds that the BOP should have an opportunity to consider Petitioner's claims for a nunc pro tunc designation, along with any other sentence computation claims, prior to his pursuit of this habeas petition. *See id*.

## III. Conclusion

In sum, Petitioner challenges the execution of his federal sentence which is properly pursued as a § 2241 petition in the district of his incarceration. To the extent Petitioner is requesting an Order directing the BOP to follow his state sentencing order or directing his immediate placement in a federal prison, his request is denied. This portion of the Petition is dismissed with prejudice. To the extent Petitioner is requesting a nunc pro tunc designation of a state facility as the place in which he would serve his federal sentence, he has not exhausted his

administrative remedies with the BOP prior to filing this action.  This portion of the Petition is
dismissed without prejudice.

A Final Judgment in accordance with this Order of Dismissal shall be issued.[3]

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2013.

s/ *Daniel P. Jordan III*_____
UNITED STATES DISTRICT JUDGE

---

[3]A certificate of appealability is not needed for a federal inmate to appeal the denial of relief
under 28 U.S.C. § 2241.  *See Castro*, 120 F. App'x at 538–39.